**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

POLK COUNTY SCHOOL BOARD,

     Plaintiff,

v.                              CASE NO: 8:07cv-19-T-26MAP

WILLIAM SAMMONS and JANE SAMMONS,
as legal guardians of A.S., an incapacitated adult,

     Defendants.

_____/

**O R D E R**

     Before the Court is Plaintiff's Motion to Remand Back to Second District Court of Appeal (Dkt. 11), and Defendants' Response.  (Dkt. 13).  After careful consideration of the applicable law and the entire file, the Court concludes that the motion should be denied.

<u>Procedural History</u>

     This action involves the removal of a case from state proceedings on appeal.  The Plaintiff in this action is the Polk County School Board (the School Board).  The Defendants are the parents and legal guardians of an incapacitated individual.  The Defendants originally sought review in the federal district court[1] of an impartial due

_____

[1]   <u>See</u> docket 1 of W. And J.S., as legal guardians of A.S. v. Polk County School Board, Case No. 8:04-cv-2657-T-24EAJ.

process proceeding conducted pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. (IDEA), specifically 20 U.S.C. § 1415.  The proceeding occurred in 2004 before an administrative law judge (ALJ) with the State of Florida Division of Administrative Hearings (DOAH).  In the federal district court case, United States District Judge Bucklew remanded the case for further proceedings before the ALJ.

The ALJ conducted a hearing in 2006 pursuant to the order of remand entered by Judge Bucklew.[2]  On November 8, 2006, the ALJ entered an order representing the culmination of the hearing on "whether Petitioner A.S. was denied a free appropriate public education (FAPE) by the Polk County School Board (Respondent) during the 2002-2003 and 2003-2004 school years to the extent that the Petitioner's parents identified certain deficiencies in A.S.'s education in the request for a due process hearing."[3]  On December 8, 2006, the School Board filed a notice of appeal of the November 8th order with the Clerk of the DOAH to be appealed in the Second District Court of Appeal.  The Defendants sought removal of the notice of appeal in this action.

<u>Removal to this Court</u>

The IDEA permits a party aggrieved by an ALJ's decision from an impartial due process hearing[4] "to bring a civil action with respect to the complaint presented pursuant

---

[2]  <u>See</u> docket 173 of W. And J.S., as legal guardians of A.S. v. Polk County School Board, Case No. 8:04-cv-2657-T-24EAJ.

[3]  <u>See</u> docket 1, Order Pursuant to Remand dated November 8, 2006, at pg. 2.

[4]  <u>See</u> 20 U.S.C. § 1415(f).

to this section."  20 U.S.C. § 1415(i)(2)(A).  The action may be brought in any state court

or in a federal district court.  Id.  A Florida statute permits direct appeals to the

appropriate district court of appeal from the decision of an ALJ.  See § 1003.57(E), Fla.

Stat. Thus, based on this statute, the School Board has the right to appeal the action to a

state court.

> The removal statute reads as follows:

> > Except as otherwise *expressly* provided by Act of Congress,
> > any civil action brought in State court of which the district
> > courts of the United States have original jurisdiction, may be
> > removed by the defendant or the defendants, to the district
> > court of the United States for the district and division
> > embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added).  In an analogous case, the Supreme Court held

that the Fair Labor Standards Act (FLSA) did not prohibit removal.  See Breuer v. Jim's

concrete of Brevard, Inc., 538 U.S. 691, 123 S.Ct. 1882, 1885-86, 155 L.Ed.2d 923

(2003).  The language of the FLSA permitted the maintenance of an action in state or

federal court,[5] and did not contain any language expressly forbidding removal.  The Court

reasoned that although a statute, in that case the FLSA, gives the plaintiff the right to

choose either the state or federal forum, that right to choose is not absolute absent a

specific prohibition to the contrary.  The removal statute by its own language, "except as

---

[5]   The specific language provides that an action "may be maintained . . . in any
Federal or State court of competent jurisdiction."  Breuer, 123 S.Ct. at 1884, quoting 29
U.S.C. § 216(b).

otherwise expressly provided by Act of Congress," gives Congress the power to carve out exceptions to removal.

Like the FLSA, section 1415 of the IDEA does not specify whether an action may be removed to federal court, nor does it contain any reference to removal. The difference in the language between the FLSA and the IDEA, i.e., maintaining an action as opposed to bringing an action, does not warrant a different result. The Breuer Court's analysis of the term "maintenance" as ambiguous[6] can be applied to the term "brought" in the instant case. That an action may be "brought" in either court does not constitute a clear, express exception to removal, any more than "maintenance" of a suit in either court created an express exception in Breuer.

Finally, the Breuer Court reasoned that if maintaining an action "meant that a plaintiff could insist on keeping an FLSA case wherever he filed it in the first place, it would seem that an FLSA case brought in federal district court could never be transferred to a different one over the plaintiff's objection, a result that would plainly clash with the provision for change of venue." Breuer, 123 S.Ct. at 1886. Like the FLSA, the IDEA does not prohibit removal. See Maroni v. Pemi-Baker Regional School District, 346 F.3d 247, 258 (1st Cir. 2003) (citing Breuer for the proposition that "removal is permissible where jurisdiction expressly lies in both federal and state court, even if it interferes with

---

[6]   See Breuer, 123 S.Ct. at 1884-85.

-4-

the plaintiff's choice of forum").  Consequently, the Court finds that no exception to the removal statute has been shown in this case.[7]

It is therefore **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand Back to Second District Court of Appeal (Dkt. 11) is **DENIED**.

It is further **ORDERED AND ADJUDGED** that the Court will conduct a hearing on Thursday, February 15, 2007, at 9:00 a.m., with regard to the issue of whether this case should be stayed in favor of case number 8:06-cv-2240-T-24MSS.  The parties shall file  memoranda of law addressing this issue on or before February 13, 2007.

**DONE AND ORDERED** at Tampa, Florida, on January 31, 2007.


_____s/*Richard A. Lazzara*_____
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**


COPIES FURNISHED TO:
Counsel of Record

---

[7]   The School Board's assertion that section 1003.57 of the Florida Statutes dictates a remand, is unavailing.  The removal statute clearly provides that only Congress has the power to make exceptions to removal, and federal jurisdiction cannot be defeated by a state statute.  See Akin v. Louisiana Nat'l Bank, 322 F.2d 749, 754 (5th Cir. 1963).  In any event, there is no indication that the Florida legislature intended to thwart an aggrieved party's access to federal court in IDEA cases.